IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

07/14/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

JOHNNY MERCEDES RIVERA,                    )
                                           )
                    Petitioner,            )
                                           )
        v.                                 )    Case No. 26-3151-JWL
                                           )
UNITED STATES ATTORNEY GENERAL;            )
SECRETARY, DEPARTMENT OF HOMELAND          )
        SECURITY; and                      )
MISTY MACKEY,  Warden,                     )
        Midwest Regional Reception Center, )
                                           )
                    Respondents.           )
                                           )
_____)

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials.  For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of the Dominican Republic who entered the United States on a tourist visa in 2019.  On April 25, 2025, after having been arrested by police on an assault charge, petitioner was detained by immigration officials.  In June 2025, an immigration judge denied petitioner's request for release on bond, on the basis that petitioner would present a danger to the community if released; and in September 2025, the immigration judge denied three successive requests by petitioner for a redetermination of his bond status, because of a lack of changed circumstances since the original denial of bond. Petitioner appealed the final denial to the Board of Immigration Appeals (BIA), and that appeal remains pending.  On October 23, 2025, the immigration judge ordered petitioner's

removal, and petitioner appealed that decision to the BIA; briefs have been filed, and the appeal remains pending.  Petitioner remains in custody, in this judicial district, pending his removal proceedings.   On May 26, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).   This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

Petitioner first claims that his detention under 8 U.S.C. 1231(a) has become unreasonably lengthy beyond the statutory removal period and therefore unlawful under the Supreme Court's *Zadvydas* framework.  As respondents note, however, petitioner's appeal from the removal order is still pending, which means that his removal order is not yet administratively final and the removal period has not yet begun.  *See id.* § 1231(a)(1)(B)(i).  Thus, he is not presently being detained under Section 1231, and the *Zadvydas* framework therefore does not apply, *see Zadvydas v. Davis*, 533 U.S. 678 (2001). Accordingly, the Court denies petitioner's claim based on a detention under Section 1231.

Petitioner also claims in his petition that his present detention violates 8 C.F.R. § 241.13, but that regulation also applies only in the case of a final removal order, *see id.* Accordingly, the Court denies that claim.

In the only other claim in the petition, petitioner asserts, without analysis or authority, that his detention without "individualized justification" violates due process.  In his traverse, petitioner appears to flesh out that claim somewhat, arguing that his detention has effectively transformed into mandatory detention under 8 U.S.C. § 1226(c), which has become unreasonably prolonged in violation of due process based on relevant factors.  This Court, like others, has applied such a multi-factor balancing test in addressing a claim that a criminal alien's mandatory detention under Section 1226(c) has become unlawful.  *See, e.g., Soto Vilchez v. Blanche*, 2026 WL 1978620, at *2-3 (D. Kan. July 9, 2026) (Lungstrum, J.).  Petitioner has not cited any basis to support the position that officials are now treating his detention as mandatory under Section 1226(c), and the fact that the immigration judge considered multiple bond requests on the merits demonstrates that petitioner has indeed been detained instead under Section 1226(a), which allows for discretionary release on bond.  Thus, the relief to which petitioner might be entitled for a due process violation as alleged – a bond hearing, *see, e.g., id.* – has already been afforded to petitioner and is again available to petitioner if he can show changed circumstances. Petitioner has not shown that an immigration judge would not consider the merits of another request for a bond redetermination based on changed circumstances in accordance with governing regulations.  Accordingly, petitioner has not shown a violation of due process, and the Court denies this claim.[1]

---

[1]  Moreover, even if petitioner's detention had effectively become mandatory in nature, based on the immigration judge's refusal to consider additional bond requests (although petitioner has made no such showing and has not made any bond request since Continued…

Finally, petitioner argues in this traverse that the immigration judge erred in denying him bond based on dangerousness, but this Court lacks jurisdiction to review any such decision by the immigration judge, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), and petitioner has not shown that those hearings were constitutionally infirm.

The Court concludes that petitioner has not shown that the Government is presently detaining him in violation of federal law.  The Court therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 14th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

September 2025), petitioner would not be entitled to relief for a due process violation, as the circumstances of his detention are not even as compelling as those in *Soto Vilchez*, in which the Court rejected such a due process claim.  *See Soto Vilchez*, 2026 WL 1978620, at *2-3.